UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CODY HART, DERRILL FUSSELL, KEVIN EWING, TIMOTHY GARRISON, and KATHY LAFRENIERE,

Plaintiffs,

v.

SKAGIT COUNTY SUPERIOR COURT, MELISSA A. BEATON, in her official capacity as Clerk of Skagit County Superior Court; and ROSANNA WADKINS, in her official capacity as Administrator of Skagit County Superior Court,

Defendants.

CASE NO. 2:26-cv-00104-JNW

DISMISSAL ORDER

## 1.  INTRODUCTION

This matter comes before the Court on Defendants Skagit County Superior Court, Melissa Beaton, and Rosanna Wadkins' motion to dismiss. Dkt. No. 11. Having considered the parties' filings, the relevant record, and the law, the Court GRANTS the motion.

DISMISSAL ORDER - 1

## 2. BACKGROUND

Plaintiffs Cody Hart, Derrill Fussell, Kevin Ewing, and Kathy LaFreniere filed recall petitions in Skagit County Superior Court seeking to remove several County officials and judges.[1] This dispute concerns three administrative actions that Defendants Melissa Beaton and Rossana Wadkins took during those recall proceedings:

1. Wadkins reassigned Plaintiff Hart's recall matter to a visiting judge. *See* Dkt. No. 8 (the "FAC") ¶ 26.

2. Beaton failed to docket certain documents filed by Plaintiff Hart. FAC ¶ 27.

3. Wadkins set a special hearing involving Plaintiff LaFreniere. FAC ¶ 29.

Plaintiffs then brought this suit under 42 U.S.C. § 1983, alleging that Defendants' actions are unconstitutional and violate state and federal law. Among other things, Plaintiffs allege that: (1) Defendants retaliated against them for filing the recall petitions; (2) Defendants' actions violated Plaintiffs' procedural and substantive due process rights; (3) Defendants conspired to deprive Plaintiffs of their constitutional rights, including their right to access the courts; and (4) Defenedants committed related violations of state and federal law. FAC ¶¶ 41–61.

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 11.

---

[1] Defendants request judicial notice of several documents filed with the Skagit County Superior Court reflecting these proceedings. Dkt. No. 12. The Court is aware of these proceedings—and Plaintiffs' multiple related lawsuits brought in this district—but declines to take judicial notice of them, as doing so is unnecessary to resolve the Motion to Dismiss.

DISMISSAL ORDER - 2

### 3. LEGAL STANDARD

Courts will grant a Rule 12(b)(6) motion to dismiss only if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While Rule 8 does not demand detailed factual allegations, it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 679. "Conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss." *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *see* Fed. R. Civ. P. 8.

Under the Federal Rules of Civil Procedure, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Thus, a "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Courts are not to "dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citing *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988)).

DISMISSAL ORDER - 3

## 4.  DISCUSSION

### 4.1   Plaintiffs' claims are barred by quasi-judicial immunity.

Court personnel generally enjoy quasi-judicial immunity for actions taken in connection with their official duties. *See Acres Bonusing, Inc v. Marston*, 17 F.4th 901, 916 (9th Cir. 2021) (quoting *Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987). This immunity also bars claims for injunctive relief brought against court personnel under Section 1983, *see Munoz v. Superior Ct. of Los Angeles Cnty.*, 91 F.4th 977, 981 (9th Cir. 2024), even when a plaintiff invokes *Ex parte Young*, 209 U.S. 123 (1908), *see Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021) (*Ex parte Young* "does not normally permit federal courts to issue injunctions against state-court judges or clerks.").

Applying these principles, the Court concludes that quasi-judicial immunity bars Plaintiffs claims. As court clerks and administrators, Defendants Wadkins and Beaton were required to perform tasks that included assigning (and reassigning) matters to balance the case load among the sitting judges, managing the court's files and dockets, and setting court proceedings, such as hearings and trials. These duties are not merely ministerial. They are essential to the administration of justice and "when viewed in context[,] are actually a part of the judicial function." *In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002), *as amended* (Sept. 6, 2002). These essential actions[2]—filing, docketing, and setting hearings—are what form the

---

[2] Even Beaton's alleged failure to file Plaintiffs' court documents—which would be better categorized as *in*action—fall under the umbrella of quasi-judicial immunity.

gravamen of Plaintiffs' suit. The Court thus finds that Wadkins and Beaton are immune under the doctrine of quasi-judicial immunity. Accordingly, Plaintiffs claims are dismissed.

### 4.2    Failure to state a claim.

Defendants also argue that Plaintiffs' complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6). The Court need not reach these issues, however, as the invocation of quasi-judicial immunity provides sufficient grounds for dismissing this action.

### 4.3    Leave to amend would be futile.

Ordinarily, when a court dismisses a pro se plaintiff's complaint, it should grant leave to amend, even if no request to amend is made. *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002). But leave to amend may be denied where amendment would be futile. *Id.*

In this case, the Court concludes that granting leave to amend would be futile. The claims against Beaton and Wadkins necessarily relate to their roles as court personnel, and therefore quasi-judicial immunity represents a fundamental barrier to this Court's ability to hear the case. Additionally, Plaintiffs' suit against Skagit County Superior Court is likely immune to suit under the Eleventh Amendment. *See Munoz v. Super. Ct. of Los Angeles Cnty.*, 91 F.4th 977, 979 (9th

---

*Cf. Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (holding immunity applied to clerk who was alleged to have failed to properly manage the court calendar).

DISMISSAL ORDER - 5

Cir. 2024); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) (holding that a state court is a state entity for Eleventh Amendment purposes). No amendment could overcome these defects.

### 5.   CONCLUSION

In sum, the Court GRANTS Defendants' motions to dismiss. Dkt. No. 11. Plaintiffs' claims are DISMISSED with prejudice.

Dated this 29th day of June, 2026.

Jamal N. Whitehead
United States District Judge

DISMISSAL ORDER - 6